[No. 3213.]

## JOHN HEFNER v. THE STATE.

1. COMPLIANT—VARIANCE.—The date of the offense is alleged in the complaint as "one thousand eight hundred eight four." In the information it is set out as "March 30, 1884." *Held,* that the complaint alleges an impossible date, and that the motion to quash the information upon the ground of fatal variance should have prevailed.

2. PLEADING—PRACTICE—AUTREFOIS CONVICT, to be considered as a plea, must allege the proceedings which resulted in such former conviction, *i. e.,* matter of record, to wit, the former indictment and conviction; and matters of fact, to wit, the identity of the person convicted, and of the offense of which he was convicted. See *Williams* v. *The State,* 13 Texas Court of Appeals, 285, for the rule as stated, which is a correction of the rule as laid down in *Troy* v. *The State,* 10 Texas Court of Appeals, 319.

APPEAL from the County Court of Wilbarger. Tried below before the Hon. J. P. Orr, Special County Judge.

The conviction was for an aggravated assault and battery, and the penalty imposed was a fine of fifty dollars.

*Wheeler & McGhee,* for appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. In the complaint the date of the offense as written is "one thousand eight hundred *eight four.*" In the information the date is set forth as the thirtieth March, A. D. 1884. A motion was made to quash upon the ground of fatal variance. Under the rule laid down in *Collins* v. *The State,* 5 Texas Court of Appeals, 37, the motion was well taken and should have been sustained.

Defendant's plea of former conviction was an almost literal copy of such a plea in *Troy* v. *The State*, 10 Texas Court of Appeals, 319, which this court held to be good, but which does not appear to be good under subsequent decisions (*Williams* v. *The State*, 13 Texas Ct. App., 285,) and the court did not err in striking the same out for insufficiency.

Because the complaint states an impossible date, and because of fatal variance between the information and complaint, the judgment is reversed and the prosecution is dismissed.

                                        *Reversed and dismissed.*

Opinion delivered June 25, 1884.